UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

MARIO KEITH BROOKS,

        Defendant.

CR18-79 TSZ

MINUTE ORDER

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) Defendant's motion to suppress, docket no. 23, is DENIED. The Court has reviewed all papers and video recordings filed in support of, and in opposition to, the motion, and concludes that an evidentiary hearing is not required because the facts are not in dispute.[1] The Government suggests that the encounter between Tukwila Police Department ("TPD") officers and defendant was merely "social contact," but the Court agrees with defendant that what occurred was a _Terry_ stop. _See_ _Terry v. Ohio_, 392 U.S. 1 (1968). TPD officers were dispatched to the scene in response to a 911 call about suspicious activity in the private parking lot of an apartment complex, which had experienced problems with drug-related transactions and loitering and had authorized TPD to warn trespassers and take appropriate enforcement actions. _See_ Gov't Exs. 2 & 3. Upon arriving at the scene, TPD officers observed defendant, who matched the

---

[1] "[T]he question whether an evidentiary hearing is appropriate rests on the reasoned discretion of the district court." _United States v. Santora_, 600 F.2d 1317, 1320 (9th Cir. 1979). To support a request for an evidentiary hearing, a defendant must demonstrate that a "significant, disputed factual issue" exists. _United States v. Howell_, 231 F.3d 615, 621 (9th Cir. 2000) (quoting _United States v. Harris_, 914 F.2d 927, 933 (7th Cir. 1990)).

MINUTE ORDER - 1

description given by the 911 caller, standing between two occupied vehicles, drinking from a can of beer in a paper bag, and surrounded him. <u>See</u> Def. Exs. 2-5; Gov't Exs. 7-10. The Court concludes that the *Terry* stop of defendant was justified by reasonable suspicion of trespassing and drug activity, which had been reported by a resident of the apartment complex who had witnessed "heavy foot traffic" around the two vehicles and money exchanging hands. <u>See</u> Gov't Ex. 3. After defendant supplied his name and date of birth, a check run through the law enforcement database revealed that defendant had previously attempted to pull a loaded firearm from his pocket when contacted by police. <u>See</u> Gov't Exs. 5 & 7. One of the TPD officers then asked defendant if he had any weapons, and after an initial denial, defendant indicated that he had a knife. Def. Ex. 2; Gov't Ex. 7. Defendant makes no argument that TPD officers were not permitted during the course of the *Terry* stop to inquire whether defendant had any weapons, and the Court concludes that, after defendant revealed he had a knife, and in light of the caution about defendant that had been broadcast over the radio by the dispatcher, TPD officers had the requisite "reason to believe that [they were] dealing with an armed and dangerous individual." *Terry*, 392 U.S. at 27; <u>see</u> <u>id.</u> ("The officer need not be absolutely certain that the individual is armed; the issue is whether a reasonably prudent man in the circumstances would be warranted in the belief that his safety or that of others was in danger.").[2] Thus, the frisk that resulted in the discovery of the firearm at issue in this case was valid. The Court also finds that defendant consented to the frisk. In response to the question "do you mind if I pat you down," defendant answered "sure." Def. Ex. 2; Gov't Ex. 7.

    (2)    For purposes of computing the time within which trial must commence under the Speedy Trial Act, defendant has previously waived his right to a speedy trial from June 4, 2018, until August 28, 2018. <u>See</u> Waiver, docket no. 16. By Order dated April 25, 2018, docket no. 17, the Court has previously excluded the period of delay from April 25, 2018, to August 27, 2018. As a result, the Court calculates the speedy trial deadline as October 11, 2018.

---

[2] Defendant cites to <u>United States v. Flatter</u>, 456 F.3d 1154 (9th Cir. 2006), in which the Ninth Circuit disapproved of a frisk for weapons, but in *Flatter*, one of the factors considered was the officers' lack of knowledge about "any past violent conduct" by the suspect. <u>See id.</u> at 1158. In addition, the Ninth Circuit reasoned that, unlike drug dealing (which was suspected here), the crime under investigation in *Flatter* (mail theft) was not usually associated with weapons. <u>Id.</u> Thus, *Flatter* does not support, but rather undermines, defendant's motion to suppress. Defendant also relies on <u>United States v. Powell</u>, 666 F.3d 180 (4th Cir. 2011), for the proposition that TPD officers could not rely on the warning about defendant aired by the dispatcher. *Powell*, however, did not involve the type of particularized caution at issue in this case (*i.e.*, about defendant trying to draw a weapon against law enforcement personnel), but rather concerned "priors," which could have been "yesterday's news or 15 years ago news" and might have resulting in "a conviction or an exoneration." <u>Id.</u> at 184. In *Powell*, the Fourth Circuit expressed concerns about allowing law enforcement officers to "disturb a free person's liberty solely because of a criminal record" or to "round up the usual suspects." <u>Id.</u> at 188. Those concerns are not implicated in this matter.

(3) A telephone status conference is SET for Wednesday, August 15, 2018, at 11:30 AM. The Court will initiate the call. Counsel shall be prepared to make any objection to the Court's speedy trial calculation and indicate whether they will be prepared to proceed to trial on Wednesday, October 10, 2018.

(4) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 9th day of August, 2018.

William M. McCool
Clerk

s/Karen Dews
Deputy Clerk

MINUTE ORDER - 3